IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER CASTLE and JAYME CASTLE, husband and wife, <br><br> Plaintiffs, <br><br> vs. <br><br> THOR MOTOR COACH, INC., a Delaware corporation; BLAINE JENSEN RV CENTERS, LLC, a Minnesota limited liability company dba CAMPING WORLD RV SALES – ST. GEORGE, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' [6] AND [7] MOTIONS TO DISMISS** <br><br> Civil No. 4:18-cv-00046-DN-DBP <br><br> District Judge David Nuffer <br><br> Magistrate Judge Dustin B. Pead |

Defendants Thor Motor Coach ("Thor") and Blaine Jensen RV Centers, LLC dba Camping World RV Sales St. George ("Camping World") (collectively referred to as "Defendants"), move to dismiss[1] plaintiffs' Christopher and Jayme Castle (collectively referred to as "Plaintiffs") Complaint[2] for failure to state a clam for relief. Plaintiffs opposed both motions[3] and Defendants replied in support.[4]

For the reasons set forth below, Plaintiffs' Complaint fails to state a claim and the Defendants' motions to dismiss are GRANTED.

---

[1] Blaine Jensen RV Centers, LLC's Motion to Dismiss ("Camping World Motion to Dismiss"), docket no. 6, filed July 2, 2018; Thor Motor Coach Inc's Motion to Dismiss ("Thor Motion to Dismiss"), docket no. 7, filed July 2, 2018.

[2] Notice of Removal of Action to United States District Court, Exhibit B, Complaint ("Complaint"), docket no. 2-2, filed June 29, 2018.

[3] Plaintiffs' Memorandum in Opposition to Camping World's Motion to Dismiss ("Opposition to Camping World"), docket no. 18, filed August 13, 2018; Plaintiffs' Memorandum in Opposition to Defendant Thor Motor Coach, Inc's Motion to Dismiss ("Opposition to Thor"), docket no. 19, filed August 13, 2018.

[4] Reply in Support of Blaine Jensen RV Centers LLC's Motion to Dismiss ("Camping World's Reply"), docket no. 24, filed August 24, 2018; Reply in Support of Thor Motor Coach Inc's Motion to Dismiss ("Thor's Reply"), docket no. 23, filed August 24, 2018.

**Contents**
Standard of Review on Motions to Dismiss..................................................................................... 2
Background ..................................................................................................................................... 3
Discussion ....................................................................................................................................... 5
Order  ............................................................................................................................................ 13

## STANDARD OF REVIEW ON MOTION TO DISMISS

Defendants move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss all causes of action in Plaintiffs' Complaint.[5] Defendants are entitled to dismissal under Rule 12(b)(6) when the Complaint, standing alone, is legally insufficient to state a claim for which relief may be granted.[6] When considering a motion to dismiss for failure to state a claim, the thrust of all well-pleaded facts in the Complaint is presumed, but conclusory allegations need not be considered.[7] Nor are the Complaint's legal conclusions and opinions accepted, even if they are couched as facts.[8] The determination of the plausibility of plaintiffs' claims will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[9]

Generally, where materials outside the pleadings are presented, either the Rule 12 motion must be converted to a Rule 56 motion for summary judgment, or those matters presented outside the pleadings must be excluded.[10] However, "a defendant may submit an indisputably authentic copy to the Court to be considered if it is incorporated by reference in the Complaint, if the Court may take judicial notice of it, or if it is referenced in the Complaint and central to the

---

[5] Camping World Motion to Dismiss at 1; Thor Motion to Dismiss at 1.

[6] *Sutton v. Utah State School for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999).

[7] *Cory v. Allstate Ins.,* 583 F.3d 1240, 1244 (10th Cir. 2009).

[8] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

[9] *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1214 (10th Cir. 2011).

[10] *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir. 1987).

claims."[11] Accordingly, the facts set forth in the following background summary are drawn from Plaintiffs' Complaint and the documents attached to or directly referred to in that Complaint and are taken as true only for purposes of the motion to dismiss.

## BACKGROUND

On November 22, 2016, Plaintiffs purchased a new 2017 Compass Class C motorhome from Camping World.[12] The motorhome was manufactured by Thor.[13] Plaintiffs paid $103,621.89 for the motorhome, including a Good Sam Extended Service Plan.[14]

When Plaintiffs purchased the motorhome, Plaintiff Christopher Castle signed a Registration and Acknowledgement of Receipt of Warranty and Product Information (the "Registration and Acknowledgment").[15]

The registration document states, in pertinent part:

> Before I purchased this vehicle, I received, read and agreed to the terms and conditions of Thor Motor Coach's 1-page Limited Warranty, published within its Owner's Manual, and the Chassis Limited Warranty. I understand and agree that any legal action for breach of express or for breach of implied warranties that may arise by operation of law must be filed within ninety (90) days of the expiration of the applicable warranty coverage period as defined within the Limited Warranty.[16]

The Thor Limited Warranty contains a section entitled "COVERAGE ENDS."[17] This section states:

---

[11] *Prager v. LaFaver,* 180 F.3d 1185, 1189 (10th Cir. 1999); *Berneike v. CitiMortgage, Inc.,* 708 F.3d 1141, 1146 (10th Cir. 2013).

[12] Complaint ¶ 6.

[13] *Id.*

[14] *Id.* ¶ 2.

[15] Thor Motion to Dismiss, Exhibit B, Warranty Registration ("Registration and Acknowledgement"), docket no. 7-2, filed July 2, 2018.

[16] *Id.*

[17] Thor Motion to Dismiss, Exhibit A, Warranty ("Warranty"), docket no. 7-1, filed July 2, 2018.

3

> COVERAGE ENDS: 12 months after the first retail owner first takes delivery of the motorhome from an authorized dealership OR after the odometer reaches 15,000 miles, whichever occurs first, **ANY ACTION FOR BREACH OF THIS WARRANTY OR ANY IMPLIED WARRANTIES MUST BE COMMENCED NOT MORE THAN 15 MONTHS AFTER YOU FIRST TAKE DELIVERY OF YOUR MOTORHOME.**[18]

As part of the purchase of the motorhome, both Plaintiffs signed a sales contract[19] with Camping World that stated:

> SELLER MAKES NO WARRANTY, EXPRESS OR IMPLIED, WITH RESPECT TO THE MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, OR OTHERWISE CONCERNING THE VEHICLE, PARTS OR ACCESSORIES DESCRIBED HEREIN. UNLESS OTHERWISE INDICATED BY THE SELLER, IN WRITING, ANY WARRANTY IS LIMITED TO THE MANUFACTURER'S WARRANTY, IF ANY, AS EXPLAINED AND CONDITIONED BY PARAGRAPH 4 ON THE REVERSE SIDE HEREOF.[20]

On the reverse page of this document, Paragraph 4 further states that the manufacturer's new vehicle warranty:

> SHALL BE EXPRESSLY IN LIEU OF ANY OTHER WARRANTY, EXPRESS OR IMPLIED, CONCERNING SUCH VEHICLE, INCLUDING, BUT NOT LIMITED TO ANY IMPLIED WARRANTY OF MERCHANTABILITY OR OF FITNESS FOR A PARTICULAR PURPOSE, AND THE REMEDY SET FORTH IN SUCH WARRANTY SHALL BE THE ONLY REMEDIES AVAILABLE TO ANYONE WITH RESPECT TO SUCH NEW MOTOR VEHICLE OR MOTOR VEHICLE CHASSIS.[21]

---

[18] *Id.*

[19] Camping World Motion to Dismiss, Exhibit A, Sales Contract ("Sales Contract") at 1, docket no. 6-1, filed July 2, 2018.

[20] *Id.*

[21] *Id.* at 2.

Shortly after purchase, Plaintiffs began to detect various defects in the motorhome forcing plaintiffs to seek service and repairs.[22] The motorhome was in the shop at Camping World for the majority of time after it was purchased without any satisfactory resolution of the defects as determined by plaintiffs.[23]

Ultimately, Plaintiffs initiated this litigation, filing a Complaint on May 4, 2018, alleging seven (7) causes of action against Thor and Camping World.

## DISCUSSION

Plaintiffs allege seven (7) causes of action against both Defendants in their Complaint. The first cause of action[24] set out in the Complaint is a claim against both defendants for violations of the Utah Consumer Sales Practices Act[25] (the "Act"). The Act, in order to trigger liability by a supplier in connection with a consumer transaction, requires that the supplier commit a deceptive act or practice "knowingly or intentionally."[26]

However, the allegations in the Complaint do not provide the factual basis for any such inference, and the Complaint fails to state the necessary statutory elements to support a claim under the Act.[27] The cause of action under the Utah Consumer Practices Act against both defendants is therefore dismissed with prejudice.

Plaintiffs' six (6) remaining claims against Defendants are based on warranty and contract claims, both under state law and the Magnuson-Moss Warranty Act.[28] Among the

---

[22] Complaint ¶ 19.

[23] *Id.* ¶¶ 20–41.

[24] *Id.* at 10–11.

[25] Utah Code Ann. § 13-11-1

[26] Utah Code Ann. § 13-11-4.

[27] *Kee v. R-G Crown Bank,* 656 F.Supp.2d 1348, 1356 (D. Utah 2009) (dismissing claim under Act because plaintiffs failed to sufficiently plead elements of knowledge or intention).

[28] Complaint at 11–15.

warranty claims, Plaintiffs also brought a breach of the implied warranty that repairs would be done in a good and workmanlike manner.[29]

As to Camping World, the sales contract that Plaintiffs executed with Camping World made it clear that Camping World disclaimed warranties and that any warranty was limited to the manufacturer's warranty. Plaintiffs do not point to anything in the Complaint or any provisions in the incorporated or referenced documents that would provide an exception to this disclaimer. Therefore, all warranty and contract based claims against Camping World are dismissed with prejudice.

Thor moves for dismissal of the express and implied warranty claims and breach of contract claim against it by asserting that plaintiffs had agreed to a 12-month limited warranty for the motorhome that provided any claims must be brought in the following 3 months after the end of the 12-month limited warranty.[30]

It was undisputed from the Complaint and attached documents that Plaintiffs took possession of the motorhome and the Limited Warranty took effect on November 22, 2016. By its terms, the Limited Warranty expired on November 22, 2017. Plaintiffs therefore had 90 days—until March 23, 2018—to bring a lawsuit to enforce the Limited Warranty or any implied warranties against Thor. Plaintiffs did not file their Complaint until May 4, 2018[31], well past the deadline to file an action.

It is important to note that Utah law allows parties to shorten statutes of limitations through contract.[32] Language limiting the statute of limitations appears in multiple locations in

---

[29] *Id.* at 13.

[30] Thor Motion to Dismiss at 4.

[31] Complaint at 16.

[32] *See* Utah Code Ann. § 70A-2-725(1).

the documents provided to Plaintiffs concerning this transaction, and this language is clear and unambiguous and, therefore, enforceable under Utah law.

Plaintiffs, however, assert[33] that equitable tolling should operate and seek application of the concealment version of Utah's equitable discovery rule as discussed by the Utah Supreme Court in *Russell Packard Dev., Inc. v. Carson*.[34] In that 2005 case, the Utah Supreme Court pointed out that the concealment version of Utah's discovery rule, which requires an evaluation of the reasonableness of the plaintiffs' conduct in light of a defendant's fraudulent or misleading conduct, had its genesis in estoppel, and required "a demonstration that the party seeking to exercise the rule has acted in a reasonable and diligent manner."[35]

The Utah Supreme Court explained the analysis by stating:

> As we explained in *Berenda*, when a defendant fraudulently causes a plaintiff to delay in bringing a cause of action , the discovery rule balances (1) the policy underlying all statutes of limitations 'to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared' with (2) the policy of 'not allowing a defendant who has concealed his wrongdoing to profit from his concealment.' If we were to look only to whether a plaintiff theoretically could have brought a suit before the limitations period expired without looking to the relative reasonableness or unreasonableness of that action under the circumstances, we would reward a defendant's fraudulent and deceptive misbehavior by depriving an innocent plaintiff of a reasonable period within which to act. This we refuse to do. . . . Instead, we reinforce the principle that the concealment version of the discovery rule applies when a plaintiff has acted reasonably in light of the defendant's actions.[36]

---

[33] Opposition to Thor at 5.

[34] 2005 UT 14, 108 P.3d 741 (2005)

[35] *Id.* at ¶ 26, 108 P.3d at 747.

[36] *Id* at 748.

Plaintiffs argue that of the two (2) versions of the concealment doctrine discussed in *Carson,* the second version is applicable to the facts of this case.[37] The Utah Supreme Court held:

> Second, if a plaintiff either knew or reasonably should have known of the facts underlying his or her cause of action *before* a limitations period expired, the plaintiff may nevertheless invoke the concealment version of the discovery rule. However, for the rule to excuse a plaintiff's failure to file within the fixed limitations period in the circumstances, a plaintiff must show that, given the defendant's actions, the plaintiff acted reasonably in failing to file suit before the limitations period expired. To make this showing, a plaintiff must demonstrate that a reasonably diligent plaintiff would not necessarily have filed a complaint within the limitations period; or said another way, that a reasonable plaintiff may have delayed in filing his or her claim until after the limitations period expired.[38]

The legal framework within which a determination must be made under Utah law was examined in decisions prior to *Carson*. For example, in the 1969 case *Rice v. Granite School Dist.,*[39] the Utah Supreme Court held the defendant was estopped by its conduct from relying on the statute of limitations as a defense. In *Rice,* the plaintiff fell from a bleacher maintained by the defendant School District and, immediately following the accident, the plaintiff notified the authorities of Cyprus High School. Over the course of the two years following the accident, an insurance adjuster employed by the defendant's insurance carrier communicated with plaintiff at least three (3) times. On each occasion, the adjuster assured her that the insurance company would compensate her for her injuries, pending only her release by her doctor and the ascertainment of the cost of the medical treatment.[40] On at least one of those occasions, the

---

[37] Opposition to Thor at 6–7.

[38] *Id.* at ¶ 30, 108 P.3d at 748.

[39] 23 Utah 2d 22, 456 P.2d 159 (1969).

[40] *Id.* at 161.

8

adjuster showed her pictures of the bleachers and commented that they were old and obsolete and there would be absolutely no problem in taking care of her expenses.[41] Based on these facts, the Utah Supreme Court held the defendant was estopped from relying on the applicable one-year statute of limitations.[42]

Similarly, in the 1974 case *Whitaker v. Salt Lake City Corp.*[43] the plaintiff sued to recover damages suffered by a minor during the cave-in of a city-owned clay bank. The plaintiffs hired an attorney who commenced negotiations with the city and its insurance carrier. The plaintiffs' attorney alleged that during the course of the negotiations, the adjuster for the city's insurance carrier and the attorney for the city assured him that the city and its carrier would compensate plaintiffs within the policy limits but that the medical reports would be required first.[44] The medical reports were then allegedly delayed by the city attorney and the insurance adjuster.[45] As a result of the alleged assurances, plaintiff did not file suit within the statutory period. Based on the holding in *Rice,* the Utah Supreme Court reversed summary judgment against the plaintiffs because these facts presented an issue of material fact: whether the defendant was estopped from asserting the statute of limitations as a defense.

In contrast, the Utah Supreme Court has upheld a limitations defense against a plaintiff because of a failure to file a timely notice of claim or complaint when the plaintiff, who was aware of the statute and represented by counsel, alleged only that the defendant lulled him into

---

[41] *Id.*

[42] *Id.* at 164.

[43] 522 P.2d 1252 (Utah 1974).

[44] *Id.* at 1252-53.

[45] *Id.*

"a false sense of security [regarding the possibility of a settlement] by requesting medical information about [his] physical condition."[46]

In the 1993 case *McKinnon v. Tambrands, Inc.,*[47] the plaintiff, who had suffered Toxic Shock Syndrome, brought a products liability suit against her tampon manufacturer, who defended by arguing that the action was time barred by the statute of limitations provisions in the Utah Product Liability Act. The District Court reviewed the holdings of *Rice* and *Whitaker* and contrasted the conduct of the defendants in those cases with the conduct of Tambrands. In *McKinnon*, plaintiff asserted that Tambrands was estopped from asserting the statute of limitations based on a letter signed by the defendant's assistant treasurer, Martha Lindsay. The District Court, however, was not persuaded that the content of the Lindsay letter reasonably justified plaintiff's delay of her suit:

> The introductory paragraph states that Mr. McKinnon's February 1991 letter requesting reimbursement from Defendant has been referred to the undersigned, Martha B. Lindsay, for attention and that "[w]e are very sorry to learn about your wife's illness." The body of the letter recounts several general statistics about the occurrence and suspected causes of TSS. The concluding sentence provides: "If you submit a copy of your wife's unreimbursed costs and directly related expenses, we will be pleased to consider reimbursement." Only this last sentence contains any sort of statement relating to Defendant's position on Plaintiff's claim. Unlike *Rice* and *Whitaker,* however, it contained no admission of liability and made no promise to pay. Instead, it only promised to "consider reimbursement" of Plaintiff's "unreimbursed expenses." Such a statement, by itself, does not provide a reasonable basis for delaying a civil action beyond the expiration of the statute of limitations.

---

[46] *Cornwall vs. Larson,* 571 P.2d 925, 926 (Utah 1977).

[47] 815 F. Supp. 415 (D. Utah 1993).

Here, Plaintiffs have asserted that Thor sent two (communications to them that led them to reasonably believe that they did not need to take action before the contractually shortened statute of limitations had run.[48] The first letter is dated February 5, 2018, and was sent prior to the expiration of the limitation period by Thor to Plaintiffs' counsel, who had sent a demand letter to Camping World on January 4, 2018, threatening litigation. The letter begins by stating that Thor was sorry to hear of any inconvenience that Plaintiffs may have experienced and that Thor strived to have satisfied owners. Thor's letter requested Plaintiffs' cooperation in an investigation and stated:

> We have commenced an investigation of the facts surrounding the purchase and repair history of your client's motorhome so that we may fairly assess this request. **To assist us in our review, we respectfully request a list of *current* defects that your client contends Thor Motor Coach refused or failed to repair successfully under the terms of the Limited Warranty.**
>
> Once we receive the above information, we will complete the analysis of the facts surrounding the purchase and repair history of your client's motorhome and contact you with our findings. (Emphasis in original.)

After Plaintiffs provided Thor with the requested information, Thor sent Plaintiffs' counsel a second letter dated April 6, 2018. At this point, the limitations period had expired. In this letter, Thor again apologizes for any inconvenience that may have been experienced but the letter goes on to state:

> As outlined in the applicable Limited Warranty, Thor Motor Coach's sole and exclusive obligation is to repair any covered defects discovered within the warranty coverage period.
>
> If the primary repair fails to successfully cure any defect after a reasonable number of repair attempts, your sole and exclusive remedy is to have Thor Motor Coach pay an independent service shop of your choice to perform repairs to the defect OR if the

---

[48] Opposition to Thor at 7–8.

11

> defect is incurable have Thor Motor Coach pay diminution in value damages.
>
> The repair remedy and the backup remedy MUST be both exhausted and these remedies must fail to fulfill their essential purpose before you can seek any kind of legal or equitable relief. It is our position that neither the repair remedy nor has the backup remedy failed in this case.

Critically, the Thor letters do not contain any admission of liability, promise to pay, or any representation that may have reasonably caused Plaintiffs to not file suit before the limitation period expired. The April 6 letter is a flat denial.

In the 1992 case *Warren v. Provo City Corp.,*[49] the plaintiff pilot was injured in a crash of an airplane which he had leased from a flying club. He sued Provo City for its alleged failure to enforce ordinances regulating the flying clubs. Provo City obtained summary judgment on a statute of limitations defense because plaintiff had failed to file a notice of claim within one year from the date the claim arose. On appeal, one of plaintiff's arguments was that the concealment version of the discovery rule applied to excuse his failure to file a timely notice of claim.[50]

The Utah Supreme Court reasoned that plaintiff did not allege that he relied on any representations made by Provo, but rather claimed that he was prevented from discovering the cause of action because Provo did not timely return his phone calls. The record demonstrated that plaintiff had not taken reasonable steps to investigate Provo's liability and while "a party may be excused for failing to pursue a claim if the party acted in reasonable reliance on a defendant's representations, absent any representations by the defendant, a plaintiff must take reasonable

---

[49] 838 P.2d 1125 (Utah 1992).

[50] *Id.* at 1129.

12

steps to prosecute the claim. Otherwise, there could be no showing that the defendant's actions prevented the discovery of the cause of action."[51]

Here, the allegations in the Complaint and the language used in the incorporated documents do not demonstrate that Thor's communications with Plaintiffs would cause a reasonably diligent plaintiff to delay filing his or her complaint under the second instance of the concealment version of Utah's equitable discovery Rule as articulated in *Carson*.

Accordingly, the Limited Warranty issued by Thor clearly and unambiguously states that Plaintiffs must bring any action for breach of that warranty or any implied warranties not more than 15 months after Plaintiffs first took delivery of their motorhome. Plaintiffs took delivery of their motorhome on November 22, 2016, and did not bring suit until May 4, 2018, well after the limitations deadline. Plaintiffs' breach of warranty claims and contract claims against Thor are barred by the applicable contractual statute of limitations and are dismissed with prejudice.

## ORDER

IT IS HEREBY ORDERED that Defendant Blaine Jensen RV Centers, LLC's Motion to Dismiss[52] and Defendant Thor Motor Coach's Motion to Dismiss[53] are GRANTED. Plaintiffs' Complaint[54] is DISMISSED with prejudice. The clerk is directed to close the case.

Signed January 31, 2019.

David Nuffer
District Court Judge

---

[51] *Id.* at 1130.

[52] Blaine Jensen RV Centers, LLC's Motion to Dismiss, docket no. 6, filed July 2, 2018.

[53] Thor Motor Coach Inc's Motion to Dismiss, docket no. 7, filed July 2, 2018.

[54] Notice of Removal of Action to United States District Court, Exhibit B, Complaint, docket no. 2-2, filed June 29, 2018.